## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| FARION BROWN, #283508, | ) ) ) CIVIL ACTION NO. 9:10-921-HFF-BM |
| Petitioner, | ) ) |
| v. | ) ) |
| WARDEN RAYMOND REED, | ) ) **REPORT AND RECOMMENDATION** |
| Respondent. | ) ) ) |

Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was filed on April 7, 2010.[1]

The Respondent filed a return and motion for summary judgment on July 16, 2010. As the Petitioner is proceeding pro se, a Roseboro order was filed on July 22, 2010, advising the Petitioner that he had thirty-four (34) days to file any material in opposition to the motion for summary judgment. Petitioner was specifically advised that if he failed to respond adequately, the motion for summary judgment may be granted, thereby ending his case. Petitioner thereafter filed a response in opposition to the motion for summary judgment on August 12, 2010, following which the Respondent filed a reply on August 23, 2010. This matter is now before the Court for

---

[1] Filing date per Houston v. Lack, 487 U.S. 266, 270-276 (1988).



disposition.[2]

## **Procedural History**

Petitioner was indicted in April 2006 in Sumter County for failure to stop for a blue light and possession of marijuana, second offense [Indictment No. 06-GS-43-0396]; in August 2006 for possession with intent to distribute cocaine base, second offense; possession with intent to distribute cocaine, second offense; and possession of marijuana, second offense [Indictment No. 06-GS-43-0812]; and in October 2006 for possession with intent to distribute cocaine base, second offense; possession with intent to distribute cocaine base within ½ mile of a school; possession with intent to distribute marijuana, second offense; possession with intent to distribute marijuana within ½ mile of a school; and failure to stop for a blue light [Indictment No. 06-GS-43-0932]. (R.pp. 27-36); see also Court Docket No. 14-2. Petitioner was represented by Will Brunson, Esquire, and on November 7, 2006, pled guilty to all charges. (R.pp. 1-25). The trial judge sentenced the Petitioner to concurrent terms of seven (7) years on all of the possession with intent to distribute convictions, three (3) years on the failure to stop for the blue light convictions, and one (1) year on the possession of marijuana conviction. (R.pp. 24-25). Petitioner did not appeal his convictions and/or his sentences.

On September 17, 2007, Petitioner filed an application for post-conviction relief ("APCR") in state circuit court. Brown v. State of South Carolina, No. 07-CP-43-1934. Petitioner raised the following issues in his application:

---

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c)and (e), D.S.C. The Respondent has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



(1) Ineffective Assistance of Counsel

(2) Involuntary guilty plea.

See Court Docket No. 14-3, p. 3.

Petitioner was represented in his APCR by Tricia A. Blanchette, Esquire, and Tommy Thomas, Esquire, and an evidentiary hearing was held on Petitioner's application on March 31, 2008. (R.pp. 49-89). On April 25, 2008, the parties also took a telephonic deposition of Yucari Brown, Petitioner's wife. (R.pp. 90-107). Petitioner was present for the deposition and represented by Thomas. Id. On July 21, 2008, the PCR judge entered an order denying and dismissing the petition with prejudice. (R.pp. 108-114).

Petitioner then filed a Petition for Writ of Certiorari. Petitioner was represented on appeal by Tricia A. Blanchette, Esquire, who raised the following issue:

> Trial counsel was ineffective when he incorrectly advised [Petitioner] regarding the collateral consequences of his guilty plea.

See Petition, p. 2.

On January 6, 2010, the South Carolina Supreme Court denied the petition. Brown v. State, (S.C.Sup.Ct. filed Jan. 6, 2010). Petitioner filed a petition for rehearing, which was denied, and the Remittitur was issued on February 17, 2010.

In his Petition for writ of habeas corpus filed in United States District Court, Petitioner raises the following grounds:

**Ground One:** Ineffective assistance of counsel.

> Supporting facts: My lawyer told me that I was signing a guilty plea for 65% and would be eligible for parole.

**Ground Two:** Involuntary Guilty Plea.



3

> Supporting facts: Counsel promised that if I plead, I would be 65%
> and parole-eligible.

See Petition, pp. 5-6³.

## Discussion

Respondent has moved for summary judgment pursuant to Rule 12 (b) and Rule 56 (b), Fed.R.Civ.P., submitting that the entire petition is without merit. Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed.R.Civ.P; see Habeas Corpus Rules 5-7. Further, while the federal court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case; See Cruz v. Beto, 405 U.S. 319 (1972), Haines v. Kerner, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

I.

In Ground One of his Petition, Petitioner contends that his counsel was ineffective because he told Petitioner that he was entering a guilty plea that would allow him to be eligible for parole after 65% of his sentence was served. This issue was raised in Petitioner's APCR, where

---

³In Petitioner's response in opposition to summary judgment, Petitioner argues two additional grounds. In his first argument, he argues his counsel failed to investigate or perform certain necessary pretrial functions. In his third argument, he contends that his counsel was ineffective in failing to present or argue for a direct appeal. The Respondent has filed a reply memorandum objecting to the consideration of these issues since they were not raised in the petition. See discussion, supra.



Petitioner had the burden of proving the allegations in his petition. Butler v. State, 334 S.E.2d 813, 814 (S.C. 1985), cert. denied, 474 U.S. 1094 (1986).

The PCR court rejected this claim, making relevant findings of fact and conclusions of law in accordance with S.C.Code Ann. § 17-27-80 (1976), as amended. See Brown v. South Carolina, No. 07-CP-43-1934. Specifically, the PCR judge found: 1) that every aspect of Petitioner's testimony regarding the deficiencies of his plea counsel's representations was not credible; 2) Petitioner indicated that he was satisfied with counsel, however, Petitioner alleged he thought he would not have to serve 85% of his sentence; 3) Petitioner indicated that he initially rejected a plea offer because the plea was for an 85% sentence; 4) Petitioner further indicated that he thought he would be released after serving three (3) to four (4) years of the sentence; 5) on cross-examination, the Petitioner acknowledged telling the plea court he understood the possible charges and sentences; 6) Petitioner also indicated that he told the plea judge he was satisfied with counsel and that he was guilty of the charges; 7) Petitioner also testified he told the plea court he understood what he was doing at the plea; 8) Petitioner's wife, Mrs. Brown, testified that the initial plea deal was for five (5) years; 9) Mrs. Brown indicated that after Petitioner rejected the initial deal, the plea offer changed to five (5) years to thirty (30) years; 10) Mrs. Brown indicated that she did not think that the sentence was an 85% sentence; 11) Mrs. Brown also testified counsel indicated after the plea that Petitioner would only serve three (3) to four (4) years; 12) Mrs. Brown acknowledged that it was not her decision to plead guilty; 13) counsel indicated that he was adequately prepared for Petitioner's case; 14) counsel further indicated that Petitioner rejected an initial plea offer but he could not recall the details of the offer; 15) counsel also testified that although it is not his practice to discuss parole eligibility, it does come up in conversations with clients; 16) counsel further testified it was highly



unlikely he would have told the Petitioner or his wife that he would only serve 65% of the sentence; 17) Petitioner's testimony and Mrs. Brown's testimony concerning counsel's performance were not credible; 18) plea counsel's testimony was credible and was afforded great weight; 19) the transcript and plea counsel's testimony show that Petitioner understood the consequences of a guilty plea, his Constitutional rights, and the possible sentences; 20) plea counsel was not deficient in any aspect of his representation and performed well within reasonable professional norms for a criminal defense attorney; 21) Petitioner also failed to carry his burden of proof to show that but for trial counsel's alleged deficient representation he would not have pled guilty but would have insisted on going to trial; 22) counsel adequately met with Petitioner and reviewed the discovery with Petitioner prior to his plea; 23) Petitioner's guilty plea was knowingly and voluntarily made; 24) based on observations at the PCR hearing and after a review of the plea transcript, Petitioner's guilty plea was not rendered involuntary as a result of ineffective assistance of counsel; 25) the plea transcript and counsel's testimony at the PCR hearing clearly reflect Petitioner knew what he was doing at the plea and had a complete understanding of his rights and consequences of a guilty plea; and 26) counsel did not advise Petitioner he would only serve 65% of the sentence. (R.pp. 111-113).

Substantial deference is to be given to the state court's findings of fact. Evans v. Smith, 220 F.3d 306, 311-312 (4th Cir. 2000), cert. denied, 532 U.S. 925 (2001) ["We . . . accord state court factual findings a presumption of correctness that can be rebutted only by clear and convincing evidence], cert. denied, 532 U.S. 925 (2001); Bell v. Jarvis, 236 F.3d 149 (4th Cir. 2000)(en banc), cert. denied, 112 S.Ct. 74 (2001).

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct. The applicant shall have the burden



of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). See also Fisher v. Lee, 215 F.3d 438, 446 (4th Cir. 2000), cert. denied, 531 U.S. 1095 (2001); Frye v. Lee, 235 F.3d 897, 900 (4th Cir. 2000), cert. denied, 533 U.S. 960 (2001).

However, although the state court findings as to historical facts are presumed correct under 28 U.S.C. § 2254(e)(1), where the ultimate issue is a mixed question of law and fact, as is the issue of ineffective assistance of counsel, a federal court must reach an independent conclusion. Strickland v. Washington, 466 U.S. 668, 698 (1984); Pruett v. Thompson, 996 F.2d. 1560, 1568 (4th Cir. 1993), cert. denied, 114 S.Ct. 487 (1993) (citing Clozza v. Murray, 913 F.2d. 1092, 1100 (4th Cir. 1990), cert. denied, 499 U.S. 913 (1991)). Nevertheless, since Petitioner's ineffective assistance of counsel claim was adjudicated on the merits by the South Carolina state court, this Court's review is limited by the deferential standard of review set forth in 28 U.S.C. §2254(d), as interpreted by the Supreme Court in Williams v. Taylor, 120 S.Ct. 1495 (2000). Bell v. Jarvis, supra; see also Evans, 220 F.3d at 312 [Under § 2254(d)(1) and (2), federal habeas relief will be granted with respect to a claim adjudicated on the merits in state court proceedings only where such adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States", or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding"]. Therefore, this Court must be mindful of this deferential standard of review in considering Petitioner's ineffective assistance of counsel claim.

Where allegations of ineffective assistance of counsel are made, the question becomes "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 694. In Strickland,



the Supreme Court articulated a two prong test to use in determining whether counsel was constitutionally ineffective. First, the Petitioner must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment. Second, the Petitioner must show that counsel's deficient performance prejudiced the defense such that the Petitioner was deprived of a fair trial. Further, where a guilty plea is involved, in order to show prejudice a Defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52 (1985). Here, after careful review of the record and the arguments presented, the undersigned finds and concludes that Petitioner has failed to meet his burden of showing that trial counsel was ineffective under this standard. Smith v. North Carolina, 528 F.2d 807, 809 (4th Cir. 1975) [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus].

Petitioner argues that his counsel was ineffective for telling him that he would be eligible for parole after 65% of his sentence was served. Petitioner's counsel testified that Petitioner was offered a plea prior to the one he accepted.[4] (R.p. 57). While Petitioner's counsel testified that he did not recall specifically discussing with the Petitioner when he would be eligible for parole, parole eligibility often came up in discussions with clients concerning pleas and potential sentences. (R.pp. 59-60). When asked whether he told Petitioner that he would only have to serve three (3) or four (4) years, Petitioner's counsel testified that given the fact that Petitioner "was pleading to second offense possession of these drug charges. I would have obviously known that it wouldn't be under

---

[4] Counsel testified that Petitioner was charged with additional counts during his representation of the Petitioner, and that he could not recall whether the first plea offer was prior to the additional charges being filed or not. (R.p. 58).



those circumstances . . . ." (R.p. 66).

Petitioner testified at his PCR hearing that he was satisfied with his plea counsel. (R.p. 69). Petitioner testified that the initial plea offer was five (5) years, that it was going to be a "violent 85", as opposed to a non-violent 65, and that he told counsel that he was not willing to take that offer. (R.pp. 70-71). Petitioner then testified that he agreed to take the second plea offer because the plea "sheets" indicated that it was non-violent, so he believed that he would be eligible for parole after serving 65% of his time. (R.pp. 72-73). Petitioner testified that after his sentencing when they were leaving the court room, counsel told his wife that he would only have to serve 3 to 3 ½ years[5], and that he would not have accepted the plea if he had known he would have to serve 85% of the time. (R.pp. 73-74).

Mrs. Brown testified at her deposition that the initial plea offer was for five (5) years, and that Petitioner would have to serve 85% of his sentence. (R.pp. 95-96). She also testified that she was later told by counsel that the police department would not allow the five (5) year deal, and it was changed to five (5) to thirty (30) years. (R.p. 97). Mrs. Brown testified that when she and counsel were leaving the court room after Petitioner's sentencing, that Petitioner's counsel told her that Petitioner would have to do about three (3) to four (4) years. (R.p. 98). However, she conceded that counsel never discussed parole eligibility with her with respect to the second plea offer, but that she and the Petitioner thought that he would not have to do 85% because the charges were non-violent. (R.pp. 98-100). However, she testified that counsel did not tell her how much time of the sentence that Petitioner would potentially serve until after the plea was entered and they were leaving the courtroom. (R.p. 105).

---

[5]Since Petitioner was not present at this time, his testimony on the issue would be hearsay.



In sum, the record reflects that counsel did not advise Petitioner as to what his parole eligibility would be for his plea. The plea transcript reflects that there was also no discussion at the plea hearing about Petitioner's parole eligibility. (R.pp. 1-25). Petitioner testified at his plea that no one had promised him anything, offered him any type of hope or reward, or any inducement to have him plead guilty. (R.p. 10). Based on this record, Petitioner has not shown that his counsel told him that he would only have to serve 65% of his sentence, or that he informed Petitioner that he would have to serve 85% of his sentence. However, Petitioner was not denied effective assistance of counsel due to this failure, as Petitioner has not shown that his counsel had a duty to inform him of his parole eligibility, which is a collateral consequence of his plea. Jackson v. State, 562 S.E.2d 475, 475-476 (S.C. 2002)[finding that counsel is not required to inform a criminal defendant concerning collateral consequences such as parole eligibility or community supervision requirements]; see also George v. Black, 732 F.2d 108, 110-111 (8th Cir. 1984); Smith v. State, 494 S.E.2d 626, 628 (S.C. 1977) [parole eligibility and classification of second degree burglary as a "violent crime" were collateral consequences of sentencing of which a defendant need not be specifically advised before entering a guilty plea]; Frasier v. State, 570 S.E.2d 172, 174 (S.C. 2002)[noting that parole eligibility is a collateral consequence of a sentence].

While it is true that, under some circumstances, a criminal defendant may be entitled to relief because of a mistake involving a collateral consequence of a plea, such a situation arises only where the defendant is "grossly misinformed about [the collateral consequences] by his lawyer", and then relies on that misinformation such that it induces the defendant to enter a plea. Cf. Strader v. Garrison, 611 F.2d 61, 65 (4th Cir. 1979)["[T]hough parole eligibility dates are collateral consequences of the entry of a guilty plea of which a defendant need not be informed if he does not



inquire, when he is grossly misinformed about it by his lawyer, and relies upon that misinformation, he is deprived of his constitutional right to counsel. When the erroneous advice induces the plea, permitting him to start over again is the imperative remedy for the constitutional deprivation."]. Here, however, there is no evidence that counsel ever misadvised Petitioner about his parole eligibility prior to his plea, nor did Petitioner's counsel have a duty to inform Petitioner about such collateral matters. The PCR court found that trial counsel's testimony was credible and that Petitioner's counsel was not ineffective, and the undersigned can find no basis in the record or the applicable caselaw to overturn these findings of the state court. Evans, 220 F.3d at 312; Page v. State, 615 S.E.2d 740, 742 (S.C. 2005)[discussing distinction between "direct" and "collateral" consequences of a plea]; Brown v. State, 412 S.E.2d 399, 400 (S.C. 1991)["The imposition of a sentence may have a number of collateral consequences, . . . and a plea of guilty is not rendered involuntary in a constitutional sense if the defendant is not informed of the collateral consequences."].

Therefore, Petitioner has not shown his counsel was deficient on this basis, nor has he shown the necessary prejudice. Strickland v. Washington, supra. Petitioner has also failed to show that the state court's rejection of this claim was unreasonable. Evans, 220 F.3d at 312 [Federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding]; Williams v. Taylor, supra. Bell, 236 F.3d at 157-158; 28 U.S.C. § 2254(e)(1) [Determination of a factual issue by the state court shall be presumed correct unless rebutted by clear and convincing evidence]. Petitioner's claim that his counsel was ineffective on this ground is without merit, and should be dismissed. Fisher, 215 F.3d at 446-447 [Court reviewed petitioner's ineffective assistance of counsel claims under the standards set forth in



28 U.S.C. § 2254(d)].

II.

In Ground Two of his Petition, Petitioner contends that his guilty plea was involuntary because he believed that he would be eligible for parole after service of sixty-five percent of his sentence. This issue was not raised in Petitioner's PCR appeal, nor was it raised in a direct appeal. Since Petitioner did not properly pursue and exhaust this issue in state court, it is barred from further state collateral review; Whiteley v. Warden, Wyo. State Penitentiary, 401 U.S. 560, 562 n. 3 (1971); Wicker v. State, 425 S.E.2d 25 (S.C. 1992); Ingram v. State of S.C., No. 97-7557, 1998 WL 726757 at **1 (4th Cir. Oct. 16, 1998); Josey v. Rushton, No. 00-547, 2001 WL 34085199 at * 2 (D.S.C. March 15, 2001); Aice v. State, 409 S.E.2d 392, 393 (S.C. 1991)[post-conviction relief]; and as there is no current state remedy for Petitioner to pursue this issue, it is fully exhausted. Coleman v. Thompson, 501 U.S. 722, 735, n.1 (1991); Teague v. Lane, 489 U.S. 288, 297-298 (1989); George v. Angelone, 100 F.3d 353, 363 (4th Cir. 1996) ["A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally defaulted under state law if the petitioner attempted to raise it at this juncture."], cert. denied, 117 S.Ct. 854 (1997); Aice, 409 S.E.2d at 393; Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997) ["To satisfy the exhaustion requirement, a habeas Petitioner must fairly present his claim[s] to the state's highest court . . . the exhaustion requirement for claims not fairly presented to the state's highest court is technically met when exhaustion is unconditionally waived by the state...or when a state procedural rule would bar consideration if the claim[s] [were] later presented to the state court."], cert. denied, 522 U.S. 833 (1997); Ingram, 1998 WL 726757 at **1.

Since this issue was not *properly* pursued and exhausted by the Petitioner in the state



court, federal habeas review of this claim is now precluded absent a showing of cause and prejudice, or actual innocence. Wainwright v. Sykes, 433 U.S. 72 (1977); Waye v. Murray, 884 F.2d 765, 766 (4th Cir. 1989), cert. denied, 492 U.S. 936 (1989).

> In all cases in which a State prisoner has defaulted his Federal claims in State court pursuant to an independent and adequate State procedural rule, Federal Habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of Federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Coleman, 501 U.S. at 750.

Petitioner does not offer any cause for his failure to raise and exhaust this issue. Therefore, Petitioner has failed to show cause for his procedural default on this issue. Rodriguez v. Young, 906 F.2d 1153, 1159 (7th Cir. 1990), cert. denied, 498 U.S. 1035 (1991) ["Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court."]. Nor has Petitioner shown that a fundamental miscarriage of justice will occur if this claim is not considered. Wainwright v. Sykes, supra; Murray v. Carrier, 477 U.S. 478 (1986); Rodriguez, 906 F.2d at 1159 [a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent"](citing Murray v. Carrier, 477 U.S. at 496); Sawyer v. Whitley, 505 U.S. 333, 348 (1992); Bolender v. Singletary, 898 F.Supp. 876, 881 (S.D.Fla. 1995). Hence, this claim is procedurally barred from consideration by this Court, and must be dismissed. Id.; see 28 U.S.C. § 2254.

Furthermore, even if this claim was not procedurally barred, the record reflects that Petitioner voluntarily and knowingly entered his plea of guilty in open court. A review of the record shows that Petitioner was advised of the maximum possible penalties he was facing, and stated that



13

he was not promised anything, threatened, harassed, intimidated, or coerced in any way to plead guilty. (R.pp. 4-10). Petitioner further specifically testified that he was satisfied with his lawyer, that his lawyer had fully discussed his case with him, and that his lawyer had discussed any possible legal defenses with him. (R.pp. 9-10). The United States Supreme Court has ruled that "[r]epresentations of the Defendant, his lawyer and the prosecutor at [arraignment], as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings...The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Here, the Petitioner has not provided the Court with any evidence that he did not intend to plead guilty to the charges, under oath to the presiding judge, without objection in open court. Statements of the accused that facially demonstrate the plea's validity are conclusive absent compelling reasons why they should not be, such as ineffective assistance of counsel. Via v. Superintendent, Powhatan Correctional Center, 643 F.2d 167, 171 (4th Cir. 1981). Petitioner has provided no evidence to show ineffective assistance of counsel in his case.

As previously discussed, counsel did not have an affirmative duty to discuss parole eligibility with the Petitioner, and Petitioner has failed to show that his counsel provided him incorrect parole eligibility information prior to entering his guilty plea. See discussion, supra. Additionally, the record shows that Petitioner denied he had been coerced or forced to act in any manner concerning his plea, and that he was given every opportunity to change his mind. Hence, the record shows that Petitioner chose to enter a plea of guilty, and did so freely and voluntarily. Little v. Allsbrook, 731 F.2d 238 (4th Cir. 1984); U.S. v. Futeral, 539 F.2d 329 (4th Cir. 1975). This claim is without merit



**III.**

In his response filed in opposition to summary judgment, Petitioner makes two additional arguments. First, Petitioner makes a conclusory assertion that trial counsel failed to investigate or perform certain pretrial functions. Second, Petitioner contends that his counsel should have pursued a direct appeal. The Respondent filed a reply and objected to the consideration of these issues since they were not raised in the original petition and there has been no motion to amend filed. Petitioner did not file any type of response to this objection and his petition has not been amended. Therefore, these additional arguments are not properly before the court as issues in his federal habeas petition.

Furthermore, since neither of these issues were raised in Petitioner's APCR, they are barred from further state collateral review; Plyer v. State, 424 S.E.2d 477, 409 (S.C. 1992)[issue must be both raised to and ruled upon by PCR judge to be preserved for appellate review]; Whiteley, 401 U.S. at 562 n. 3; Wicker v. State, supra; Ingram, 1998 WL 726757 at **1; Josey, 2001 WL 34085199; Aice, 409 S.E.2d at 393; and as there is no current state remedy for Petitioner to pursue these issues, they are fully exhausted. Coleman, 501 U.S. at 735, n.1; Teague, 489 U.S. at 297-298; George, 100 F.3d at 363; Aice, 409 S.E.2d at 393; Matthews, 105 F.3d at 911; Ingram, 1998 WL 726757 at **1. Since these issues were not properly pursued and exhausted by the Petitioner in the state court, federal habeas review of these claims is now precluded absent a showing of cause and prejudice, or actual innocence. Wainwright v. Sykes, supra; Waye, 884 F.2d at 766; Coleman, 501 U.S. at 750.

Petitioner did not offer any cause for his failure to raise these issues in his APCR. Therefore, Petitioner has failed to show cause for his procedural default on these issues. Rodriguez, 906 F.2d at 1159. Nor has Petitioner shown that a fundamental miscarriage of justice will occur if



these claims are not considered. <u>Wainwright v. Sykes</u>, supra; <u>Murray v. Carrier</u>, supra; <u>Rodriguez</u>, 906 F.2d at 1159; <u>Sawyer</u>, 505 U.S. at 348; <u>Bolender</u>, 898 F.Supp. at 881. Hence, even if these claims were otherwise properly before the Court as part of Petitioner's Petition, they are procedurally barred from consideration by this Court, and must be dismissed. <u>Id.</u>; <u>see</u> 28 U.S.C. § 2254.

## **Conclusion**

Based on the foregoing, it is recommended that the Respondent's motion for summary judgment be **granted**, and that the Petition be **dismissed**, with prejudice.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

December 2, 2010
Charleston, South Carolina



16

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

