

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

FARION BROWN,                          §
            Petitioner,                §
                                       §
vs.                                    §    CIVIL ACTION NO. 9:10-0921-HFF-BM
                                       §
WARDEN RAYMOND REED,                   §
            Respondent.                §

## ORDER

This case was filed as a 28 U.S.C. § 2254 action. Petitioner is proceeding pro se. The matter

is before the Court for review of the Report and Recommendation (Report) of the United States

Magistrate Judge suggesting that Respondent's motion for summary judgment be granted and the

Petition be dismissed with prejudice. The Report was made in accordance with 28 U.S.C. § 636 and

Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has

no presumptive weight. The responsibility to make a final determination remains with the Court.

*Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo

determination of those portions of the Report to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or

recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on December 2, 2010, and the Clerk of Court entered Petitioner's objections to the Report on December 17, 2010.  The Court will briefly address those objections below.

First, "Petitioner argues that his Counsel was ineffective for telling him that he would be eligible for parole and serve 65% of his sentence."  Objs. 1, ECF No. 21.  The PCR court, however, found Petitioner's testimony to be incredible and failed to find that trial counsel provided ineffective assistance of counsel as to this claim.  The Court has found nothing in the record that would cause it to doubt that holding.  Thus, the Court will overrule this objection.

Second, Petitioner contends that "Counsel never testified that he could not recall whether the first plea offer was prior to the additional charges being filed or not."  *Id*. at 2.  The transcript from the PCR hearing, however, directly contradicts this statement.  At the hearing, trial counsel testified, "So, I do not recall if the first offer for a plea was given prior to him being charged with additional offenses."  PCR Trans. 10:24-11:1, ECF No. 14-1.  Hence, the Court will overrule this objection.

Third, Petitioner avers that the PCR court should not have found trial counsel's testimony to be credible.  Objs. 2.  For this proposition, Petitioner sites to two portions of trial counsel's testimony in the PCR hearing that he alleges are contradictory.

On direct examination, trial counsel attested that he routinely discussed the 85% rule with all of his clients.  PCR Trans. at 11:19-12-3.  On cross examination, trial counsel's testimony was as follows:

> Q.    Now, with regard with that particular hearing, do you recall telling him specifically that he would do three or four years on that sentence?
> A.    I do not recall.
> Q.    Looking back in your practice as a lawyer, is that something that you would tell someone that you are facing 85%?

> A.     It is highly unlikely.
> Q.     So you don't any reason to believe that you would have told
>          him that he would serve only three or four years of that?
> A.     Well, given the fact that he's got--- Well that he was pleading
>          to second offense possession of these drug charges, I would
>          have obviously known that it wouldn't be under those
>          circumstances, so --

*Id.* at 18:9-23.  Petitioner specifically points to the portion of this testimony in which trial counsel

says it to be "highly unlikely" in answer to the question as to whether he "would tell someone that

you are facing 85%." *Id.*

From the context of the testimony, it is clear to this Court, as it was to the PCR court, that

trial counsel's testimony on cross examination was that, in regards to this particular situation, he

would not tell someone who was facing the 85% rule that he would serve just three to four years of

a seven year sentence.  After all, 85% of seven years is almost six years, not three to four years.

Consequently, this objection will be overruled.

The Court has reviewed the other objections of Petitioner, but finds them to be without merit

and adequately addressed in the Report.  Therefore, the Court will enter judgment accordingly.

After a thorough review of the Report and the record in this case pursuant to the standard set

forth above, the Court overrules Petitioner's objections, adopts the Report to the extent that it does

not contradict this Order, and incorporates it herein.  Therefore, it is the judgment of this Court that

Respondent's motion for summary judgment is **GRANTED** and the Petition is **DISMISSED** with

prejudice.

To the extent that Petitioner requests a certificate of appealability from this Court, that

certificate is **DENIED**.

**IT IS SO ORDERED**.

Signed this 29th day of March, 2011, in Spartanburg, South Carolina.


s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE



\*\*\*\*\*

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this Order within thirty days from the

date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.